**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BUREAU OF DANGEROUS GOODS, LTD.,**

        **Plaintiff,**

-vs-                                                        Case No. 6:11-cv-774-Orl-18DAB

**HAZMAT SOFTWARE, LLC, LUIS ZAMBRANA,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT (Doc. No. 20)**
>
> **FILED:** August 9, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

The motion presents with an unusual history. Plaintiff filed a Complaint, asserting violation of the Lanham Act and various related state law claims (Doc. No. 1). Defendants answered the Complaint and pled a one count Counterclaim for Declaratory Judgment, essentially seeking a declaration that it did not violate the Lanham Act (Doc. No. 17). Plaintiff did not respond to the Counterclaim. Defendants filed a motion for entry of clerk's default (Doc. No. 19) along with the instant motion for entry of default judgment, but then withdrew the motion for entry of clerk's default, contending that it was filed "in error." (Doc. No. 21). No response has been filed by Plaintiff to the

instant motion which, it seems, was not withdrawn. For the foregoing reasons, the motion for entry of default judgment should be **denied.**

As the history above indicates, the present posture of the case is that a Counterclaim has been pled but not answered, and a motion for default judgment has been filed but no entry of default has been entered. In view of the filing of a motion for clerk's default followed by the immediate withdrawal of same, it is possible that Defendants meant to withdraw *both* motions, or meant to withdraw the *instant* motion rather than the motion for entry of clerk's default.[1] Assuming, however, that Defendants intended to withdraw the clerk's default motion and prosecute only the default judgment motion, the law in our circuit is clear:

> Under Rule 55 of the Federal Rules of Civil Procedure, there is "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08–cv–498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010); see also Fed. R. Civ. P. 55(a), (b). First, the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after a default is entered, the party must then apply to the court for a default judgment. See Fed. R. Civ. P. 55(b). As a result, "the clerk's entry of default must precede an application" for default judgment. *Deforest*, 2010 WL 1792094 at *7 (*citing Fairman v. Hurley*, 373 F.Supp.2d 227, 231 (W.D. N.Y.2005)); *Travelers Cas. & Surety Co. of Am., Inc. v. E. Beach Dev., LLC*, Civil Action No. 07–0347–WS–B, 2007 WL 4097440, *1 (S.D. Ala. Nov. 14, 2007) ("The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

*Frazier v. Absolute Collection Service, Inc.*, 767 F.Supp.2d 1354, 1360 (N.D. Ga. 2011). *See also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once a default has been entered, the plaintiff may move

---

[1] The filing of both motions on the same day followed by the immediate withdrawal of one as being "in error" presents a confusing scenario which may explain (but not necessarily excuse) Plaintiff's lack of response to the instant motion.

for default judgment pursuant to Rule 55(b). *Doe v. Clifford Fort Myers, LLC,* No. 2:07-cv-334-FtM-34SPC, 2008 WL 1776897, *1 (M.D. Fla. Apr. 16, 2008). "The law is clear that these two separate steps cannot be combined into one. . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment." *Bardfield v. Chisholm Properties Circuit Events, LLC,* No. 3:09-cv-232-MCR-EMT, 2010 WL 2278461, *6 (N.D. Fla. May 4, 2010). Here, as there has been no entry of clerk's default, the motion for entry of default judgment is, at best, premature.[2] It is therefore **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 30, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] While not dispositive in view of the lack of ripeness of the merits of the motion, the Court notes that a default judgment on the counterclaim would not necessarily follow entry of a clerk's default, as the counterclaim pled here is basically just a denial of the allegations of the complaint. *See Ochoa v. Principal Mut. Ins. Co.,* 144 F.R.D. 418, 420 (N.D. Ga. 1992) (denying entry of default judgment, noting, among other things: "Plaintiff also may have a meritorious defense to the counterclaim that this court should allow him to assert. Most importantly, defendant has demonstrated no undue prejudice to the defendant resulting from plaintiff's failure to answer. Defendant's counterclaim to rescind the insurance contract embodies essentially defendant's defense to plaintiff's claim for enforcement of the agreement, in terms of the legal and factual issues. A default judgment will decide the entire case.")